
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAHMAN REZAIPOUR, | No. 14-56180 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-05005-MWF-VBK |
| v. | |
| COUNTY OF LOS ANGELES, County of Los Angeles Department of Mental Health, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted July 6, 2016[**]
Pasadena, California

Before: VANASKIE,[***] MURGUIA, and WATFORD, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Thomas I. Vanaskie, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Bahman Rezaipour appeals from the district court's order granting summary judgment to the County of Los Angeles on his employment discrimination claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court judgment.

1. We affirm the district court's grant of summary judgment for the county on Rezaipour's First Amendment retaliation claim. Rezaipour has not met his burden of raising a triable issue as to whether his "protected speech was a substantial or motivating factor" in the county's decision to fire him. *Dahlia v. Rodriguez*, 735 F.3d 1060, 1067 (9th Cir. 2013) (en banc) (quoting *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009)). Nearly two years elapsed between when the Department of Justice's report became public and when the county first notified Rezaipour of its intent to fire him. During that time, multiple female employees made sexual harassment complaints against Rezaipour, and those complaints were substantiated by investigators in two county departments. The county further determined that Rezaipour had misused computer resources and been insubordinate. Rezaipour has failed to raise a triable issue as to whether those allegations were false and pretextual. *See Anthoine v. N. Cent. Ctys. Consortium*, 605 F.3d 740, 750 (9th Cir. 2010).

2.     For similar reasons, we affirm the district court's grant of summary judgment for the county on Rezaipour's California whistleblower claim. To establish a prima facie case of retaliation under California Labor Code Section 1102.5(b), a plaintiff must show that a "causal link" exists between his or her protected activity and the adverse employment action. *Soukup v. Law Offices of Herbert Hafif*, 139 P.3d 30, 48 (Cal. 2006). Rezaipour's whistleblower claim fails for the same reason that his First Amendment retaliation claim fails: he has not raised a triable issue as to whether a causal link exists between his disclosures to the Department of Justice and the county's decision to fire him. Even if Rezaipour could make out a prima facie case, he has not raised a triable issue as to whether the non-discriminatory reasons given by the county for his termination were pretextual. *See Patten v. Grant Joint Union High Sch. Dist.*, 37 Cal. Rptr. 3d 113, 117 (Cal. Ct. App. 2005).

**AFFIRMED**